Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ANDREW GARRO,

        Plaintiff,

v.

MONTEFIORE MEDICAL CENTER,

        Defendants.
-----------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff Andrew Garro ("Mr. Garro" or "Plaintiff"), by and through his attorneys, Gaines, Novick, Ponzini, Cossu & Venditti, LLP as and for his Complaint in the action against Defendant, Montefiore Medical Center ("Defendant"), hereby alleges as follows:

**NATURE OF THE ACTION**

      1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices committed against Mr. Garro, including its unlawful discrimination and harassment committed against Mr. Garro in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., ("ADA"); the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"); the New York State Human Rights Law, New York Executive Law §§ 290 and 296 *et seq*. (the "NYSHRL"); the

New York City Human Rights Law, and New York Administrative Code §§ 8-101 et seq. (the "NYCHRL"), and other appropriate rules, regulations, statutes and ordinances.

2. Over the course of Mr. Garro's employment as a Telecommunication System Financial Representative with Defendant he was subjected to unlawful discrimination and harassment because of his disability. The blatantly hostile work environment created by Defendant included, Mr. Garro, having to endure unfair critique of his work, false accusations of wrongful conduct, and ultimate termination. Defendant denied Mr. Garro the ability to work in an equal work environment and afford him fair growth opportunities.

3. Defendant's conduct was knowing, malicious, willful, wanton and/or showed a reckless disregard for Mr. Garro, which caused, and continues to cause, Mr. Garro to suffer substantial economic and non-economic damages, detriment to his health, including but not limited to insomnia, permanent harm to his professional and personal reputation, severe mental anguish, physical harm, and emotional distress.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Mr. Garro's rights under the ADA. This Court has supplemental jurisdiction over Mr. Garro's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

6. Mr. Garro resides in Bronx County, in the State of New York.

7. At all relevant times, he met the definition of an "employee" under all applicable statutes.

8. At all relevant times, Defendant meets the definition of an "employer" under all applicable statues.

9. Defendant is in the business of selling cable, internet and telephone services.

10. Defendant is located at 200 Jericho Turnpike, Jericho, New York.

## PROCEDURAL REQUIREMENTS

11. Mr. Garro has complied with all statutory prerequisites to his ADA claims having filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

12. On or about November 1, 2018, Mr. Garro received a right to sue letter from the EEOC.

13. This lawsuit has been filed within 90 days of receipt of Mr. Garro's right to sue letter.

14. Any and all other prerequisites to the filing of this lawsuit have been satisfied.

## FACTUAL ALLEGATIONS

**I.  Background**

15. Mr. Garro is a Hispanic Man.

16. Mr. Garro was originally hired by Defendant in 2015 as a Service Associate.

17. In September of 2017, Mr. Garro was hired by Defendant as a Telecommunications Systems Financial Representative ("TCS Financial Representative").

18. Mr. Garro was required to successfully complete a 90-day probationary period before he could be made a permanent employee.

**II.  Hostile Work Environment and Disparate Treatment**

19. One week after Mr. Garro was hired he advised his manager, Monica DeJesus ("Ms. DeJesus"), that he suffered from mental and emotional disabilities.

20. From that moment forward, Ms. DeJesus treated Mr. Garro in a hostile manner.

21. Ms. DeJesus would accuse Mr. Garro of spending too much time on accounts without allowing him to explain that the accounts were of patients who had over a hundred open accounts, therefore, he was required to spend more time with those patients.

22. Upon information and belief, Ms. DeJesus refused to acknowledge that Mr. Garro generated more revenue than most of his colleagues including his contemporary Leshsae Birch ("Ms. Birch") who was hired around the same time, and who was also on probation.

23. Ms. DeJesus would criticize the way Mr. Garro sat at his cubicle.

24. Ms. DeJesus would scream at Mr. Garro when he tried to explain his actions.

25. Ms. DeJesus complained about Mr. Garro watching movies (without sound) on his phone during his lunch break; however, Mr. Garro is permitted to watch movies during his lunch break.

26. Ms. DeJesus accused Mr. Garro of abusing vacation time by using 105.00 hours when in fact he used 82.50 hours.

27. Mr. Garro had 53.25 hours of vacation time and 88.00 hours of sick time.

28. On the first day Mr. Garro started the job he advised Ms. DeJesus that he planned a family vacation many months in advance because his sister was having a destination wedding.

29. Mr. Garro told Ms. DeJesus about his travel plans because he was concerned that being short on vacation hours would negatively affect his employment.

30. Ms. DeJesus said that he could take the time off because she could credit his overtime or sick time to his vacation time.

31. Ms. DeJesus later used the fact that he took the family vacation as grounds to fail him during his probationary period.

32. Upon information and belief, Ms. DeJesus decided to punish Mr. Garro for going over his vacation time after he disclosed to her that he had an emotional and mental disability.

33. Ms. Birch spoke on the phone with her child's father throughout the day and during work hours and did not receive any punishment or warning from Ms. DeJesus, despite her knowledge.

34. Ms. Birch would text throughout the day and send sexually explicit photographs during work hours and did not receive any punishment or warning from Ms. DeJesus, despite her knowledge.

35. Upon information and belief, Ms. Birch used more vacation time than she had available to her and did not receive any punishment or warning from Ms. DeJesus, despite her knowledge.

36. Ms. Birch constantly used foul language and threatened her colleagues with physical violence and did not receive any punishment or warning from Ms. DeJesus, despite her knowledge.

37. Ms. DeJesus told Mr. Garro that he exhibits signs of aggression because she observed him poke his coffee cup with a pencil as he worked.

38. Mr. Garro has always been very apologetic and respectful when speaking with Ms. DeJesus.

39. Upon information and belief, Ms. DeJesus did not treat Mr. Garro's contemporary, Leshae Birch (Ms. Birch) the same way because she did not suffer from any disabilities.

40. Upon information and belief, Ms. Birch was ultimately hired as a permanent TCS Financial Representative despite her poor performance.

## AS AND FOR A FIRST CAUSE OF ACTION
(DISCRIMINIATION AND HARASSMENT IN VIOLATION OF THE NYSHRL)

41. Mr. Garro hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

42. Defendant has discriminated against and harassed Mr. Garro on the basis of his disability in violation of the NYSHRL by denying him the same terms and conditions of employment available to employees who are not disabled, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

43. Defendant has discriminated against and harassed Mr. Garro on the basis of his disability, in violation of the NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Garro because of his disability.

44. As a direct result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Mr. Garro has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past income, compensation and benefits for which he is entitled to an award of damages.

45. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Mr. Garro has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Garro is entitled to an award of compensatory damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (DISCRIMINIATION AND HARASSMENT IN VIOLATION OF THE NYCHRL)

46. Mr. Garro hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

47. Defendant has discriminated against and harassed Mr. Garro on the basis of his disability in violation of the NYCHRL by denying him the same terms and conditions of employment available to employees who are not disabled, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

48. Defendant has discriminated against and harassed Mr. Garro on the basis of his disability, in violation of the NYCHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Garro because of his disability.

49. As a direct result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Mr. Garro has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past income, compensation and benefits for which he is entitled to an award of damages.

50. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Mr. Garro has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and

suffering, as well as physical injury, for which Mr. Garro is entitled to an award of compensatory damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (DISABILITY DISCRIMINATION)

51. Mr. Garro repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

52. Defendant has discriminated against and harassed Mr. Garro on the basis of his disability in violation of the ADA by denying him the same terms and conditions of employment available to employees who are not disabled, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

53. Defendant has discriminated against and harassed Mr. Garro on the basis of his disability, in violation of the ADA by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Garro because of his disability.

54. As a direct result of Defendant's unlawful discriminatory conduct in violation of the ADA, Mr. Garro has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past income, compensation and benefits for which he is entitled to an award of damages

55. As a result of Defendant's actions violating the ADA, Mr. Garro has suffered and will continue to suffer irreparable injury and other monetary damages unless and until this Court grants relief.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Garro prays that the Court enter a judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of the Defendant complained of herein violate the law of the United States and the State of New York;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Mr. Garro's employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Garro for all monetary and/or economic damages, including but not limited to, the loss of past income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Garro for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Garro in an amount to be determined at trial, plus prejudgment interest;

G. An award of punitive damages;

H. An award of costs that Mr. Garro has incurred in this action, as well as Mr. Garro's reasonable attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
December 27, 2018

                                    Respectfully submitted,

                                    *//s// Jaazaniah Asahguii*
                                    Jaazaniah Asahguii